**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| SENCHEZE DUNLAP, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO.: 7:22-CR-21 (LAG) |
| | : | 7:25-CV-27 (LAG) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Motion to Vacate). (Doc. 81). For the reasons below, Petitioner's Motion to Vacate is **DENIED**.

## BACKGROUND

On August 16, 2023, Petitioner was sentenced to 85 months incarceration followed by three years of supervised release after pleading guilty to one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (Docs. 49, 50). On May 15, 2024, the Eleventh Circuit upheld Petitioner's conviction on direct appeal. (Docs. 72, 73). On December 18, 2024, the Court granted Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), and reduced Defendant's previously imposed sentence of imprisonment of 85 months to 72 months. (Doc. 76). On March 19, 2025, Petitioner filed the Motion to Vacate. (Doc. 81). The Government did not respond. (*See* Docket). Accordingly, the Motion is ripe for review. *See* M.D. Ga. L.R. 7.2.

## STANDARD OF REVIEW

Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

> without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). If a prisoner's § 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255 (b).

## DISCUSSION

Petitioner asserts two grounds of relief, arguing (1) that the statute of conviction is unconstitutional, and (2) ineffective assistance of counsel. (Doc. 81 at 4–7). In support of his first ground for relief, Petitioner argues that the *Bruen* framework makes § 922(g)(1) unconstitutional. (*See* Doc. 81-1); *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). After *Bruen*, however, the Eleventh Circuit rejected a defendant's Second Amendment challenge to § 922(g)(1). *United States v. Dubois*, 94 F.4th 1284, 1291–93 (11th Cir. 2024) (*Dubois I*), *cert. granted, judgment vacated*, 145 S. Ct. 1041 (2025), *opinion reinstated by* 139 F.4th 887 (11th Cir. 2025) (*Dubois II*). The Eleventh Circuit recently confirmed its holding in *Dubois I*, that neither *Bruen* nor *Rahimi* abrogate *Rozier*, and again rejected the defendant's Second Amendment challenge to his conviction. *Dubois II*, 139 F.4th at 893–94. The Eleventh Circuit explained that it "require[s] clearer instruction from the Supreme Court before [it] may reconsider the constitutionality" of § 922(g)(1) and that *Rozier* remains binding. *Id.* at 894. Thus, Petitioner's contention that his § 922(g)(1) conviction is unconstitutional fails.

Petitioner's second ground of relief, ineffective assistance of counsel, is based on his allegation that counsel "never advised [him] of *Bruen*" or that he "could challenge the statute." (Doc. 81 at 5). An ineffective-assistance claimant must allege and show that counsel's assistance fell "below an objective standard of reasonableness" and that this resulted in prejudice to the claimant. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). "[I]t generally does not fall below the objective standard of reasonableness for trial counsel to fail to raise a claim in anticipation that undeniably would lose under current law but

might succeed based on the outcome of a forthcoming Supreme Court decision." *Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013). To demonstrate prejudice, a petitioner must show there is a reasonable probability that, absent counsel's errors, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Chandler v. United States*, 218 F.3d 1305, 1312–13 (11th Cir. 2000) (en banc). When a petitioner asserts an ineffective-assistance claim arising out of the plea process, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner's only assertion regarding his counsel's deficiency is that counsel failed to advise him of *Bruen*; however, as discussed earlier, *Bruen* does not disturb Petitioner's conviction.

Moreover, Petitioner did not raise the ineffective assistance of counsel issue on appeal. (Doc. 81 at 5–6; *see* Doc. 72). Generally, "an available challenge to a criminal conviction or sentence must be advanced on direct appeal" or it will be considered "procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam) (citation omitted). "[C]laims not raised on direct appeal may not be raised on collateral review" unless the petitioner shows cause for failing to raise the claim and actual prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998). A petitioner can establish cause by showing "'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Additionally, cause can be established by "showing that the factual or legal basis for a claim was not reasonably available[.]" *Murray*, 477 U.S. at 488. Actual prejudice is established by showing that the error "not merely . . . created a *possibility* of prejudice, but that [it] worked to [petitioner's] *actual* and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). Alternatively, a petitioner can overcome procedural default by showing that the alleged error "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting

3

*Murray*, 477 U.S. at 496). To establish "actual innocence," a petitioner would have to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. (internal quotation marks omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

Because Petitioner did not raise this argument on direct appeal, he is procedurally barred from raising this claim. *See Mills*, 36 F.3d at 1055 (citation omitted). In the brief attached to the Motion to Vacate, Petitioner contends that "[t]o deny [him] a review of his Second Amendment challenge due to 'procedural default[]' would . . . deny him his constitutional rights to equal protection and due process." (Doc. 81-1 at 3). Even if this contention had merit, it does not constitute cause for his failure to raise this argument in his direct appeal nor does it show actual prejudice. (*See* Docs. 81, 81-1). Therefore, this ground for relief is procedurally defaulted and cannot form the basis for federal habeas relief. Accordingly, Petitioner's Motion to Vacate is **DENIED**.

The Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984) (per curiam). "[If] the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schirro v. Landrigan*, 550 U.S. 465, 474 (2007). The record herein is sufficient to evidence that Petitioner's claim lacks merit, and therefore no evidentiary hearing is necessary.

## CONCLUSION

Accordingly, Petitioner's Motion to Vacate (Doc. 81) is **DENIED**.

**SO ORDERED**, this 7th day of August, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**